# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE HANOVER ATLANTIC, INSURANCE COMPANY, LTD. <br><br> Plaintiff, <br><br> v. <br><br> AZ PLASTICS, INC., A-Z PLASTICS, LLC., and JAASIN TAYLOR, <br><br> Defendants. | Case No. 1:25-CV-14119 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Hanover Atlantic Insurance Company, Ltd. ("Hanover Atlantic"), for its Complaint for Declaratory Judgment against Defendants AZ Plastics, Inc., A-Z Plastics, LLC, and Jaasin Taylor, states as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201 and 1332 to determine the rights and obligations of Hanover Atlantic under a Commercial General Liability Policy ("GL Policy") and a Commercial Excess Liability Policy ("Excess Policy") (referred to collectively as "Policies") issued to AZ Plastics, Inc.

2. This action seeks a declaration that Hanover Atlantic owes no duty to defend or indemnify AZ Plastics, Inc. or A-Z Plastics, LLC in connection with a lawsuit styled *Jaasin Taylor v. AZ Plastics, Inc. and A-Z Plastics, LLC*, Cause No. 25-03-04771, pending in the 284th Judicial District Court of Montgomery County, Texas (the "Underlying Lawsuit").

3. For the reasons set forth herein, Hanover Atlantic asserts that it owes no coverage in connection with the Underlying Lawsuit pursuant to the terms, conditions, exclusions, and limitations of the Policies that it issued to AZ Plastics, Inc.

## THE PARTIES

4. Plaintiff Hanover Atlantic is a corporation organized under the laws of Bermuda, with its principal place of business in Bermuda. Hanover Atlantic is therefore a citizen of Bermuda.

5. Defendant AZ Plastics, Inc. ("AZ Inc.") is an Illinois corporation with its principal place of business in Illinois. AZ Inc. is a citizen of Illinois.

6. Defendant A-Z Plastics, LLC ("A-Z LLC") is a Texas limited liability company with its principal place of business in Texas. Upon information and belief, A-Z LLC is managed by member, Mariusz Zymon, who resides in Illinois. On information and belief, all of A-Z LLC's members are citizens of Illinois. A-Z LLC is a citizen of Illinois.

7. Defendant Jaasin Taylor is an individual residing in Montgomery County, Texas, and is the plaintiff in the Underlying Lawsuit. Jaasin Taylor is a citizen of Texas.

8. Taylor is named in this action solely to the extent he is considered a necessary party to this declaratory judgment action and has been joined solely to be bound by the judgment rendered in this case. No specific relief is sought against him. In the event that Taylor stipulates and agrees to be bound by the resolution of this case, Hanover Atlantic will seek to voluntarily dismiss him from this action.

## JURISDICTION AND VENUE

9. The amount in controversy exceeds $75,000, exclusive of interest and costs, because the Underlying Lawsuit seeks damages in excess of $1,000,000 for alleged bodily injuries and AZ Inc. seeks defense and indemnity from Hanover Atlantic.

10. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff Hanover Atlantic and all the Defendants.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant and the named insured AZ Inc. is incorporated and has its principal place of business in this District and the Policies were issued to AZ Inc. in this District.

## THE UNDERLYING LAWSUIT AND FACTS

12. On June 3, 2024, Plaintiff Jaasin Taylor initiated a lawsuit ("Original Lawsuit") in the 284th Judicial District Court of Montgomery County, Texas against A-Z Plastics, LLC arising out of the Accident. On March 27, 2025, Taylor commenced the Underlying Lawsuit, Case No. 25-03-04771, by filing a complaint in the same court against AZ Plastics, Inc. and A-Z Plastics, LLC, likewise based on the same accident ("Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached as **Exhibit A**.

13. The Underlying Complaint alleges that Defendants A-Z LLC and AZ Inc. are in the business of reprocessing industrial plastic items into pellet form, and that AZ Inc. controlled the premises located at 621 Aurora Business Park Drive in Conroe, Texas ("Premise").

14. In February 2024, AZ Inc. or, alternatively, A-Z LLC posted an employment advertisement seeking plant laborers, preferring applicants with forklift experience. Taylor responded to the advertisement and was hired on or about March 2024.

15. On or about April 15, 2024, while operating one of Defendants' forklifts at the Premises, Taylor experienced an excruciating burning pain on his right calf from contact with a "soapy solution" used at the Premises (the "Accident").

16. Taylor notified his supervisor, who assisted him in rinsing the solution from his leg, applied ointment, and instructed him to take the rest of the day off. Three days later, Taylor sought

3

medical care, was referred to St. Luke's Emergency Hospital for a surgical opinion, and learned that A-Z LLC did not subscribe to workers' compensation.

17. The Underlying Complaint asserts one cause of action against A-Z LLC alleging that A-Z LLC was a nonsubscriber to the Texas Workers' Compensation Act at the time of the Accident, and did not provide workers' compensation insurance coverage for Taylor or other employees injured on the job.

18. The Underlying Complaint asserts another two causes of action for Negligence and Gross Negligence against both AZ Inc. and A-Z LLC, alleging that AZ Inc. and A-Z LLC failed to provide a safe work environment and failed to implement adequate safety rules and procedure while they knew or should have known the risk associated with storing and handling of hazardous materials.

19. Taylor seeks damages in excess of $1,000,000, including pain and suffering, mental anguish, physical impairment, medical expenses, loss of earning capacity, loss of household services, cost of suit, prejudgment and post-judgment interest, and punitive damages.

## THE HANOVER ATLANTIC INSURANCE COMPANY, LTD POLICIES

20. Hanover Atlantic Insurance Company ("Hanover Atlantic") issued a General Liability Policy ("GL Policy") under policy no. L3C-J031640-01 to the named insured "AZ Plastics, Inc. 1232 McKinley, Corp" with effective June 7, 2023 to June 7, 2024 and with limits of $1 million per occurrence and $2 million per general aggregate. A true and correct copy of the GL Policy is attached as **Exhibit B**.

21. Hanover Atlantic also issued an Excess Policy to AZ Plastics, Inc. under policy no. L3C-J031646-01, effective for the same policy period with the same limits as in the GL Policy. A

true and correct copy of the Excess Policy is attached as **Exhibit C**. The GL Policy and the Excess Policy are collectively referred to as "Policies."

22. A-Z Plastics, LLC was not listed as an insured on the GL Policy at the time of the Accident. A-Z Plastics, LLC was also not listed as an insured on the Excess Policy.

23. The GL Policy's Commercial General Liability Form and its insuring agreement for Coverage A addressing coverage for bodily injury states as the following:

> *Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.*
>
> *The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.*
>
> \*\*\*
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. *Insuring Agreement*
>
>    a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .*

(Exhibit B at Form CG 00 01 04 13 at page 1; HANOVER000022).

24. The Excess Policy's Commercial Excess Liability Coverage Form and its insuring agreement as the following:

> *Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under the "controlling underlying insurance".*
>
> \*\*\*

> *The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".*

**\*\*\***

> **SECTION I – COVERAGES**
>
> 1. **Insuring Agreement**
>
>    a. *We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" to which insurance provided under this Coverage Part applies.*
>
>    *We will have the right and duty to defend the insured against any suit seeking damages for such "injury or damage" when the applicable limits of "controlling underlying insurance" have been exhausted in accordance with the provisions of such "controlling underlying insurance".*
>
>    *When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other suit seeking damages for "injury or damage".*
>
>    *However, we will have no duty to defend the insured against any suit seeking damages for which insurance under this policy does not apply.*

(Exhibit C at Form CX 00 01 04 13 at page 1; HANOVER EX000006).

25. The Excess Policy contains the definition of "controlling underlying insurance" as the following:

> 1. *"Controlling underlying insurance" means any policy of insurance or self-insurance listed in the Declarations under the Schedule of "controlling underlying insurance".*

(Exhibit C at Form CX 00 01 04 13 at page 5; HANOVER EX000010).

26. The GL Policy is the only insurance policy listed under the Schedule of Controlling Underlying Insurance in the Excess Policy. (Exhibit C at Form CS DS 01 09 08 at page 2; HANOVER EX000004).

6

27. The GL Policy contains the following provision in Section II – Who Is An Insured:

**SECTION II – WHO IS AN INSURED**

*1. If you are designated in the Declarations as:*

\*\*\*

 *d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.*

\*\*\*

*3. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization…*

(Exhibit B at Form CG 00 01 04 13 at pages 9-10; HANOVER000030-000031).

28. The GL Policy contains the following Employer's Liability Exclusion:

*2. **Exclusions***

 *This insurance does not apply to:*

\*\*\*

 *e.*   ***Employer's Liability***

 *"Bodily injury" to:*

  *(1) An "employee" of the insured arising out of and in the course of:*

   *(a) Employment by the insured; or*

   *(b) Performing duties related to the conduct of the insured's business; or*

\*\*\*

 *This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must repay damages because of the injury.*

7

(Exhibit B at Form CG 00 01 04 13 at p. 2 of 16; HANOVER000023).

29. The GL Policy contains an endorsement that modifies the definition of "employee" as the following:

### AMENDMENT – DEFINITION OF EMPLOYEE

*This endorsement modifies insurance provided under the following:*

COMMERCIAL GENERAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART –
COVERAGE FOR OPERATIONS OF DESIGNATED CONTRACTOR

A. *With respect to the* **COMMERCIAL GENERAL LIABILITY COVERAGE Form, SECTION V – DEFINITIONS, 5.** *"Employee" is replaced by the following:*

5. *"Employee" includes a "leased worker", a "temporary worker" and a "loaned employee".*

\*\*\*

A. *For the purpose of this endorsement only, with respect to the* **COMMERCIAL GENERAL LIABILITY COVERAGE** *Form and with respect to the* **OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM – COVERAGE FOR OPERATIONS OF DESIGNATED CONTRACTOR***, the following definition is added to* **SECTION V – DEFINITIONS**:

1. *"Loaned employee" means a worker provided to you, other than by a labor union or a labor leasing firm, who acts at the direction of and within the scope of duties determined by any insured, but for whom you do not withhold any income tax or any unemployment tax.*

(Exhibit B at Form 801-0183 06 18; HANOVER000051).

30. The GL Policy contains the pertinent definitions of "temporary worker" as the following:

*19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short- term workload conditions.*

(Exhibit B at Form CG 00 01 04 13 at page 16; HANOVER000037).

31. The GL Policy contains the endorsement titled "Exclusion – Punitive Damages" as the following:

*EXCLUSION – PUNITIVE DAMAGES*

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*
*PRODUCTS/COMPLETED OPERATIONS COVERAGE PART*
*LIQUOR LIABILITY COVERAGE PART*
*OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART –*
*COVERAGE FOR OPERATIONS OF DESIGNATED CONTRACTOR*

*With respect to the **COMMERCIAL GENERAL LIABILITY COVERAGE** form, the following exclusion is added to **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, SECTION I – COVERAGES, COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions and SECTION I – COVERAGES, COVERAGE C – MEDICAL PAYMENTS, 2. Exclusions** and with respect to the **PRODUCTS / COMPLETED OPERATIONS COVERAGE** form and the **OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM – COVERAGE FOR OPERATIONS OF DESIGNATED CONTRACTOR**, the following exclusion is added to **2. Exclusions** and with respect to the LIQUOR LIABILITY COVERAGE Form, the following exclusion is added to **SECTION I – LIQUOR LIABILITY COVERAGE, 2. Exclusions**:*

*This insurance does not apply to damages assessed for punitive damages, exemplary damages, multiplied damages, fines, penalties or liquidated damages. If a "suit" shall have been brought against you for a claim falling within the coverage provided by this policy, seeking both compensatory and punitive damages, exemplary damages, multiplied damages, fines, penalties or liquidated damages, we will afford a defense to such action, but we shall not have an obligation to pay any cost, interest or damages attributed to punitive damages, exemplary damages, multiplied damages, fines, penalties or liquidated damages.*

(Exhibit B at Form 801-0043 06 18; HANOVER000044).

### HANOVER'S COVERAGE POSITION AND INVESTIGATION

32. A-Z LLC presented a claim for coverage to Hanover Atlantic under the Policies in connection with the Accident and the Original Lawsuit filed against it. Following its investigation,

Hanover Atlantic denied coverage on the grounds that A-Z LLC does not qualify as an insured under the policies. Thereafter, A-Z LLC withdrew its coverage claim.

33. Based on Hanover Atlantic's investigation of the Accident, Taylor was not under any contract with AZ Inc. or A-Z LLC.

34. At the time of the Accident, Taylor was classified as a 1099 employee of A-Z LLC.

### COUNT I – DECLARATORY JUDGMENT: THE POLICIES PROVIDE NO COVERAGE TO AZ PLASTICS, INC.

33. Hanover Atlantic has no duty to defend or indemnify AZ Inc. in connection with the claims asserted in the Underlying Lawsuit because the claims fall squarely within the Employer's Liability Exclusion contained in the GL Policy.

34. At the time of the Accident, Taylor was performing duties related to the conduct of AZ Inc.'s business.

35. Hanover Atlantic's investigation revealed that Taylor was classified as a 1099 employee, with no contract of employment with AZ Inc. or A-Z LLC, and was engaged in assisting with getting a new operational facility controlled by AZ Inc.

36. Taylor's status meets the GL Policy's amended definition of "employee" to include "temporary worker" or "loaned employee." As such, his alleged bodily injury arose out of and in the course of his work for AZ Inc., triggering the Employer's Liability Exclusion.

37. Because the Employer's Liability Exclusion applies, the GL Policy affords no coverage to AZ Plastics, Inc.

38. The Excess Policy follows form to the GL Policy, adopting the same provisions, exclusions, and definitions from the GL Policy unless otherwise stated in the Excess Policy. The Excess Policy contains no provision altering or removing the Employer's Liability Exclusion.

Accordingly, the Excess Policy likewise affords no coverage to AZ Inc. for the claims asserted in the Underlying Lawsuit.

39. Hanover Atlantic is entitled to a declaration that it owes no coverage under the Policies to AZ Inc. in relation to the Underlying Lawsuit.

**COUNT II – DECLARATORY JUDGMENT: THE POLICIES PROVIDE NO COVERAGE TO A-Z PLASTICS, LLC**

40. Hanover Atlantic has no duty to defend or indemnify A-Z LLC in connection with the claims asserted in the Underlying Lawsuit because A-Z LLC was not an insured under the GL Policy or the Excess Policy as of the date of the Accident.

41. The Policies provide coverage only for an "insured."

42. A-Z LLC was not listed as an insured on the GL Policy on the date of the Accident. Nor was A-Z LLC listed as an insured under the Excess Policy at any time relevant to the claims in the Underlying Lawsuit.

43. The Excess Policy lists the GL Policy as the only insurance policy on its Schedule of Controlling Underlying Insurance.

44. The Excess Policy adopts the definition of "insured" from the "controlling underlying insurance." Because A-Z LLC was not an insured under the GL Policy on the date of loss, it likewise did not qualify as an insured under the Excess Policy.

45. In addition, even if A-Z LLC could be deemed an insured for any reason, coverage is barred by the Employer's Liability Exclusion in the GL Policy, which is incorporated into the Excess Policy.

46. A-Z LLC has also agreed to withdraw its claims for coverage from Hanover Atlantic in relation to the Original Lawsuit.

11

47. Accordingly, Hanover Atlantic is entitled to a declaration that it owes no coverage under the Policies to A-Z LLC for the claims asserted in the Underlying Lawsuit.

### COUNT III: THE POLICIES PROVIDE NO COVERAGE FOR THE PUNITIVE DAMAGES SOUGHT IN THE UNDERLYING LAWSUIT

48. In the Underlying Lawsuit, Taylor seeks punitive damages against AZ Inc. and A-Z LLC in connection with his alleged bodily injury.

49. The GL Policy contains an endorsement titled "Exclusion – Punitive Damages," which provides that the insurance does not apply to punitive damages. The endorsement further provides that if a suit seeks both compensatory and punitive damages, even if Hanover Atlantic defends the action, it will have no obligation to pay any cost, interest, or damages attributed to punitive or exemplary damages.

50. The Excess Policy contains no provision altering or removing the "Exclusion – Punitive Damages" endorsement, and thus incorporates this endorsement from the GL Policy.

51. Additionally, Illinois public policy prohibits insurance coverage for deliberately wrongful or harmful conduct, including punitive damages or penalties.

52. Accordingly, even if Hanover Atlantic provides defense in relation to the Underlying Lawsuit, Hanover Atlantic has no obligation to indemnify any party for any punitive damages sought in the Underlying Lawsuit.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff The Hanover Atlantic Insurance Company, Ltd requests:

A. That this Court find and declare that Hanover Atlantic owes no coverage, no duty to defend or indemnify under the Policies in relation to the Underlying Lawsuit;

B. That Hanover Atlantic be awarded its costs of suit; and

      C.      That this Court grant other and further relief as it deems proper under the evidence and circumstances.

Dated: November 18, 2025                Respectfully submitted:

                                            THE HANOVER ATLANTIC INSURANCE COMPANY LTD

                                            /s/    *Michael P. Baniak*
                                                  Michael P. Baniak, One of Its Attorneys

Michael P. Baniak
Yixin "Sam" Shangguan
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
Phone: 312-781-6596 (Baniak)
Phone: 312-781-6594 (Shangguan)
Email: Baniak@LitchfieldCavo.com
Email: Shangguan@LitchfieldCavo.com